FILED
97 OCT 17 AM II: 01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

BRUCE CANTRELL,             }
                            }
    Plaintiff               }
                            }       CIVIL ACTION NO.
vs.                         }
                            }       97-AR-2707-M
ALABAMA POWER COMPANY,      }
                            }
    Defendant               }

ENTERED
OCT 17 1997

## MEMORANDUM OPINION

This court need not await a motion to remand a case removed from a state court if this court lacks subject matter jurisdiction, because this court is obligated *sua sponte* to remand any removed case over which this court lacks subject matter jurisdiction. Here, however, plaintiff has filed a motion to remand. The defendant removed the above-entitled case to this court from the Circuit Court of Cherokee County, Alabama, ignoring the "well-pleaded complaint rule" by characterizing plaintiff's complaint <u>not</u> as a claim brought under state law for alleged wrongful discharge in retaliation for plaintiff's having invoked Alabama's workers' compensation law, but as a claim in which plaintiff necessarily invokes the federal Labor Management Relations Act (LMRA), and thus presents a federal question removable pursuant to 28 U.S.C. § 1331. In truth and fact, this case is governed <u>not</u> by LMRA but by 28 U.S.C. § 1445(c), the statute which expressly precludes the removal

of all cases which "arise under" a state workers' compensation statute.

A wolf, no matter how carefully and fully dressed in sheep's clothing, remains a wolf, and the complaint of Bruce Cantrell against Alabama Power Company remains a complaint for retaliatory discharge within the rubric of the Alabama Workers' Compensation Act despite what descriptive language it is dressed up in by defendant.

Although the judges of the United States District Court for the Northern District of Alabama are not unanimous on the jurisdictional issue here presented, one judge of this court, the Hon. Sharon Lovelace Blackburn, moved from the minority on this issue to the majority, the group to which the undersigned judge already belonged. Her recent opinion in *Lewis v. Rhodes, Inc.*, 968 F. Supp. 633 (N.D. Ala. 1997), reflecting her conversion, is a more persuasive opinion on the subject than any opinion the undersigned has written or could write. This judge adopts it.

A separate order granting the motion of remand will be entered.

DONE this 17th day of October, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE